UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **DAVID GIBSON, ET AL.** | * | **CIVIL ACTION NO. 17-1439** |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **BP AMERICA PRODUCTION CO., ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 9] filed by plaintiffs, David and Sharon Gibson. The motion is opposed. For reasons explained below, it is recommended that the motion to remand be GRANTED.

<u>Background</u>

On September 18, 2017, Plaintiffs filed the instant oilfield contamination suit in the 5th Judicial District Court for the Parish of Richland, State of Louisiana against seven defendants arising out of decades-long oil and gas exploration and production activities conducted on the plaintiffs' properties by the defendants and/or their predecessors in title. *See* Notice of Removal, doc. # 1, p. 1. The seven entities named as defendants are: BP America Production Company ("BP"), Total Petrochemicals & Refining USA, Inc. ("Total"), Belden & Blake Operating Company ("Belden & Blake"), Richland-Oakland, Capital Gas, Inc. ("Capital Gas"), Winchester of Louisiana, Inc. ("Winchester"), and OGM Research Corporation ("OGM").

On November 3, 2017, defendant BP removed the suit to federal court on the sole basis of diversity jurisdiction, 28 U.S.C. § 1332. *See* Notice of Removal, doc. # 1. On July 7, 2017, plaintiffs filed the instant motion to remand the case to state court on the grounds that (1) the

Notice of Removal is procedurally defective; (2) BP cannot prove fraudulent joinder of a non-diverse defendant; and (3) there is no complete diversity, and thus, this Court lacks subject matter jurisdiction.

On July 31, 2017, defendants, BP and Total, filed their Joint Opposition to Plaintiffs' Motion to Remand [doc. # 11]. BP and Total argued that the Notice of Removal was procedurally sound, Winchester, OGM, Richland-Oakland, and Belden & Blake were not properly served, and that Winchester, Capital Gas, and OGM were improperly joined. Plaintiffs filed a reply in support of remand on January 4, 2018. [doc. # 14]. Removing defendants filed a sur-reply on January 11, 2018. [doc. # 173]. Thus, the matter is ripe.

## Discussion

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)). The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal. *Id*. Because federal courts are courts of limited jurisdiction, a suit is presumed to lie outside this limited jurisdiction unless and until the party invoking federal jurisdiction establishes to the contrary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citation omitted). The removal statutes are strictly construed in favor of remand. *Manguno, supra*.

Defendant BP invoked this court's subject matter jurisdiction via diversity, which requires an amount in controversy greater than $75,000, and complete diversity of citizenship between plaintiffs and defendants, 28 U.S.C. § 1332(a). Plaintiffs do not contest that the amount in controversy exceeded $75,000 at the time of removal. *See* Memorandum in Support of

Motion to Remand, doc. # 9-1, p. 8. The undersigned agrees that it is facially apparent that the claimed damages exceed $75,000. *See* Notice of Removal, doc. #1, pp. 10-11. Thus, the sole jurisdictional issue is whether the parties are completely diverse.

The diversity jurisdiction statute presupposes a civil action between "citizens of different states," where all plaintiffs are diverse from all defendants. 28 U.S.C. § 1332; *Farrell Const. Co. v. Jefferson Parish, La.*, 896 F.2d 136, 139-140 (5th Cir. 1990). When jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, supra* (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference). This rule requires "strict adherence." *Getty Oil, supra*.

Here, BP correctly alleged and established that Plaintiffs are individuals domiciled in and citizens of Louisiana. *See* Notice of Removal, doc. # 1, p. 4. BP also affirmatively (and properly) alleged that BP and Total are Delaware corporations with their principal places of business in Texas, and are citizens both Delaware and Texas. *See id.* at pp. 5-6.

The remaining five defendants are more problematic. The Motion to Remand raises three issues: (A) whether the Court should consider the citizenship of three named defendants who are Louisiana citizens; (B) whether BP obtained the necessary consent of its co-defendants; and (C) whether BP sufficiently alleged the citizenship of its co-defendants.

**I.      Improper Joinder.**

BP alleged that Capital Gas, Winchester, and OGM (the "Louisiana Corporations") were incorporated and domiciled in Louisiana. Accordingly, the inclusion of any one of the Louisiana Corporations as a defendant in this litigation would destroy the Court's diversity jurisdiction.

BP alleged that each of the Louisiana Corporations had their articles of incorporation revoked no less than 18 years ago. BP submitted records from the Louisiana Secretary of State as evidence of the revocations. BP also alleged that it conducted a diligent search, but could not locate evidence of any business activity since revocation of their articles of incorporation, a current business address, any employees, or any assets for any of the Louisiana Corporations. BP offered no evidence (e.g., affidavit) to substantiate these claims. Based on its allegations, BP argued that the court should disregard the citizenship of the Louisiana Corporations.

To disregard the citizenship of the Louisiana Corporations, BP must establish that they were but nominal defendants/improperly joined. It has been long established that an improperly joined or nominal defendant need not be diverse from the plaintiffs for purposes of subject matter or removal jurisdiction. *See Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services*, 925 F.2d 866, 871 (5th Cir. 1991); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). However, the burden of persuasion on a party claiming improper joinder is a "heavy one." *Campbell, supra*.

The improper joinder doctrine affords a "'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir.2007) (citing *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005)). To establish improper joinder, the removing party must demonstrate "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *McDonal, supra* (citing *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir.2003)).

In the case *sub judice*, there are no allegations of actual fraud. Accordingly, the court

must determine whether BP has demonstrated that Plaintiffs have "no possibility of recovery" against the Louisiana Corporations, *i.e.* that there is "no reasonable basis" for the district court to predict that Plaintiffs might recover against them. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (*en banc*). The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the non-diverse defendant under state law (Fed. R. Civ. P. 12(b)(6) analysis);[1] or 2) in the few cases where the plaintiffs have stated a claim, but have misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, *supra*. However, the "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.*[2] In the process, the court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis*, *supra*. Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.* If the removing defendant fails to establish improper joinder, then diversity is not complete and remand is required. *Id.*

Here, BP does not contend that the complaint fails to state a claim for relief against the Louisiana Corporations. Instead, it argued that these entities no longer exist and should be disregarded for the purposes of determining diversity jurisdiction. The legal status of a corporation is governed by state law. *Vill. of Montpelier v. Riche, Chenevert & Andress Const.*

---

[1] To survive a 12(b)(6) motion to dismiss, the "[f]actual allegations [in the plaintiff's petition] must be enough to raise a right to relief above the speculative level," which means that the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

[2] In other words, facts that can be easily disproved if not true. *Id.*

*Co., Inc.*, 43 B.R. 736, 738 (M.D. La.1984) (citing *inter alia*, *Gould v. Brick*, 358 F.2d 437 (5th Cir.1966).

The evidence submitted by BP shows that the Louisiana Secretary of State revoked the articles of incorporation for the Louisiana Corporations pursuant to La. R. S. § 12:163.[3] Under that provision, "the revocation of a corporation's articles of incorporation . . . shall not affect any cause of action against such corporation or the right to proceed against any property owned by the corporation." La. R. S. § 12:163(G).

BP did not adduce evidence to establish that the Louisiana Corporations own no property, have no assets, no employees, no remaining shareholder, or no office. *Contrast Weinstein v. Conoco Phillips*, No. 13-919, 2014 WL 868918, at *1 (W.D. La. Mar. 5, 2014) and *Ashley v. Devon Energy Corp.*, No. 14-512, 2015 WL 803136, at *2 (M.D. La. Feb. 25, 2015). It did not adduce evidence to establish that there are no insurance policies that could potentially contain coverage for Plaintiffs' claims against the Louisiana Corporations.[4] The evidence adduced by BP merely establishes that the Secretary of State revoked the articles of incorporation for the Louisiana Corporations, which, as discussed above, is of little consequence for determining improper joinder.

---

[3] In 2015, the Louisiana legislature repealed the Business Corporation Law, L.A.R.S. 12:1 *et seq.*, and replaced it with the Business Corporation Act, L.A.R.S. 12:1-101 *et seq.*, modeled after the Model Business Corporation Act. The repeal and replace was made effective January 1, 2015. Accordingly, the Business Corporation Law applies where, as here, the Secretary of State revoked a corporation's articles of incorporation prior to the effective date of the Business Corporation Act. *See In re Krebs Lasalle Lemieux Consultants, Inc.*, 215 So. 3d 939, 941 (La. App. 5 Cir. 2017).

[4] In the event insurance coverage exists, Plaintiffs may be able to pursue an insurer of the Louisiana Corporations under Louisiana's Direct Action Statute, La. R. S. § 22:1269. In such case, the insurer would be deemed a citizen of Louisiana pursuant to 28 U.S.C. § 1332(c)(1)(A).

BP did not adduce evidence to establish that any of the Louisiana Corporations were dissolved. Even if they were dissolved, dissolution alone would not extinguish claims by or against the corporation in its corporate name. La. R. S. § 12:1-1405. Louisiana law provides a procedure for a dissolved corporation to publish notice of its dissolution and request persons with claims against the dissolved corporation to present them in accordance with the notice. La. R. S. § 12:1-1407(A). Once notice is properly promulgated, interested claimants have three years in which to commence a proceeding to enforce a claim against the dissolved corporation. La. R. S. § 12:1-1407(C). A timely filed claim may be enforced, *inter alia*, against the dissolved corporation, to the extent of its undistributed assets. La. R.S. § 12:1-1407(D).

The court emphasizes that the burden of establishing improper joinder is a heavy one and it rests with the party seeking removal. Upon the existing record, defendants have not established, at minimum, that there is no reasonable possibility of recovery against the Louisiana Corporations, i.e., that it is but a nominal or improperly joined defendant. *See Beall v. Conoco Phillips Co.*, No. 08-289, 2008 WL 2433579, at *3 (M.D. La. June 16, 2008). The Louisiana Corporations' continued presence in this suit negates complete diversity between the parties as required to support subject matter jurisdiction. 28 U.S.C. § 1332. Remand is required. 28 U.S.C. § 1447(c).

**II.     Consent.**

A party seeking to remove a civil action to federal court must obtain the consent of "all defendants who have been properly joined and served" in the state court action. 28 U.S.C. § 1446(b)(2)(A). The removing party need not obtain the consent of named defendants who have not been served at the time the removal petition is filed. *Marshall v. Skydive Am. S.*, 903 F. Supp. 1067, 1069 (E.D. Tex. 1995). Likewise, the removing party need not obtain the consent of

7

named defendant who was improperly joined in the litigation. As stated above, removing party bears the burden of establishing compliance with the removal procedures. *Tilley v. Tisdale*, 914 F. Supp. 2d 846, 849 (E.D. Tex. 2012). The undersigned addressed the question of improper joinder in the previous section, so will now address service of the defendants.

There is no dispute that BP and Total are the only named defendants who joined in or consented to removal. *See generally*, Consent to Removal, doc. # 1-11. BP alleged that none of the other named co-defendants have been properly served. Plaintiffs do not dispute that OGM has not been served. *See* Memorandum in Support of Motion to Remand, doc. # 9-1, p. 2. Plaintiffs assert that all other defendants were served.

A. Richland-Oakland and Belden & Blake Operating Company

Plaintiffs assert that they served process on Belden & Blake through its registered agent for service of process, CT Corporation, on October 5, 2017. *See* Citation, doc. # 1-9, p. 228. Plaintiffs assert that they served process on Richland-Oakland pursuant to the Louisiana long-arm statute via certified mail to Richard A. Solmen, Richland-Oakland's registered agent for service of process. *See* Memorandum in Support of Motion to Remand, doc. # 9-1, p. 2, n. 6. BP argued that Plaintiffs must produce evidence that Richland-Oakland and Belden & Blake actually received a copy of the citation before their consent is required for removal. *See* Joint Opposition to Plaintiffs' Motion to Remand, doc. #11, p. 10.

Generally, service of a statutory agent (e.g., secretary of state) does not trigger the 30 day removal period until the defendant receives process. *See e.g., Manuel v. Unum Life Ins. Co. of Am.*, 932 F. Supp. 784, 785 (W.D. La. 1996), 14C Wright & Miller & Cooper, Fed. Prac. & Proc. Juris. § 3731 (4th ed. 2017) ("[T]he time for removal begins to run only when the defendant or someone who is the defendant's agent-in-fact receives the notice via service."). BP cited this

8

general rule for its conclusion that consent was not necessary for removal.  The undersigned found only one court holding that consent was not needed from a co-defendant who had been served through the secretary of state, but had not actually received the process and complaint, and that court did not provide any reasoning for its conclusion.  *Hughes Const. Co. v. Rheem Mfg. Co.*, 487 F. Supp. 345, n. 2 (N.D. Miss. 1980) ("Since the time for removal has not yet begun to run as to this particular defendant, it is clear that this failure to join in the petition does not defeat removal jurisdiction.").  Assuming *arguendo* this Court was inclined to follow *Hughes Construction*, BP's conclusion would not follow.  Plaintiffs served process on Belden & Blake and Richland-Oakland's respective registered agents, not a statutory agent.  Receipt of service by an agent designated by the defendant to receive service on its behalf triggers the 30 day removal period.  *See Tech Hills II Assocs. v. Phoenix Home Life Mut. Ins. Co.*, 5 F.3d 963, 968 (6th Cir. 1993) ("As a general rule, a complaint is considered received by a corporation when it is received by an agent authorized to accept service of process. ").  Accordingly, BP was obliged to obtain consent from Belden & Blake and Richland-Oakland prior to seeking removal, and failed to do so.

  B  <u>Winchester of Louisiana, Inc.</u>

  Plaintiffs assert that they served process on Winchester pursuant to the Louisiana long-arm statute via certified mail to E. Herschel Lain, Jr., Winchester's registered agent for service of process.  *See* Memorandum in Support of Motion to Remand, doc. # 9-1, p. 2, n. 5.  BP argued that Winchester, as a resident of Louisiana, is not subject to the long-arm statue and cannot be served via certified mail.  The undersigned agrees that Winchester is a domestic corporation and cannon be served via Louisiana's long arm statue.  *See generally* . La. R.S. § 13:3204.  BP further argued that Winchester was improperly joined because it is defunct and does not exist.

9

For the reasons discussed above, the undersigned finds that argument unpersuasive.

    C.    Capital Gas, Inc.

BP also argued that Capital Gas was improperly joined because it is defunct and does not exist. Again, the undersigned finds that argument unpersuasive.

**III.    Citizenship Allegations.**

BP's allegations regarding the citizenship of Belden & Blake and Richland-Oakland are insufficient to establish diversity jurisdiction. BP relies on its allegation that these partnerships were not properly joined or served. However, the fact that a defendant was not served does not mean that its citizenship may be ignored. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir.1998). Rather, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant. *Id*.

 For purposes of diversity, the citizenship of a partnership is determined by the citizenship of all of its partners. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Moreover, for each partner that is itself a partnership or LLC, its partners/members and their citizenship must be identified and traced up the chain of ownership until one reaches only individuals and/or corporations. *Lewis v. Allied Bronze, LLC*, 2007 WL 1299251 (E.D. N.Y. May 2, 2007); *see also Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009) (suggesting that to discern the citizenship of an LLC, the court must trace citizenship "down the various organizational layers"); *Feaster v. Grey Wolf Drilling Co.*, 2007 WL 3146363, *1 (W.D. La. Oct. 25, 2007) ("citizenship must be traced through however many layers of members or partners there may be").

For Belden & Blake, BP alleged that it is an Ohio partnership whose general partner was

Belden & Blake Oil Production, Inc.  BP did not identify any other partners or allege a principal place of business for Belden & Blake Oil Production, Inc.  BP asserted that Belden & Blake appears to be defunct, and that Belden & Blake Oil Production, Inc. is listed as "dead" on the Ohio Secretary of State's website, but did not identify how long either has been the case.  Belden & Blake did not consent to removal.

For Richland-Oakland, BP alleged that it is a Michigan partnership, whose general partner is a citizen of Michigan.  BP did not identify Richland-Oakland's general partner and did not allege whether Richland-Oakland has more than one partner.  BP asserted that Richland-Oakland has not been served and is not a party to this litigation.

BP failed to completely and accurately trace up the chain of ownership for either of these partnerships.  Accordingly, BP did not meet its burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.

## Conclusion

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to remand [doc. # 9] filed by Plaintiffs be GRANTED, and that the matter be remanded to the 5th Judicial District Court for the Parish of Richland, State of Louisiana, whence it was removed.  28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a

final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 30th day of January 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE